WO                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Gerald Vaughn Gwen,                          No.   CV 20-08225-PCT-JAT (JFM)

                  Plaintiff,

v.                                                        **ORDER**

Scott Mascher, et al.,

                  Defendants.

On August 27, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, a Declaration to TRO Application, and a Motion for Expedited Processing.  In a September 8, 2020 Order, the Court gave Plaintiff thirty days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, dismissed the Complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure, denied without prejudice the Motion for a Temporary Restraining Order and Preliminary Injunction, denied as moot the Motion for Expedited Processing, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.  On September 11, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, which the Court denied as moot in a September 18, 2020 Order because the Court had already granted Plaintiff leave to file an amended complaint.

. . . .

On September 23, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 11), a Response to Court's Order Directing Resubmission (Doc. 12), a Motion to Appoint Counsel (Doc. 13), a First Amended Complaint (Doc. 14), a Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 15), and a Motion for Expedited Processing of TRO and Extension (Doc. 16).[1]  The Court will grant the Application to Proceed, dismiss the First Amended Complaint with leave to amend, and deny Plaintiff's Motions, Response, and Declaration.

## I.   Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Response to Court's Order Directing Resubmission

In his Response, Plaintiff states that in the September 8, 2020 Order, the Court listed "multiple authorities that read[] like an order as to why the Complaint will not succeed." He asserts that "although some of the points are helpful and appreciated, the written order also has the tendency to imply defeat" and contends that "[t]he majority of the issues the Court raised . . . are matters for a jury to decide."  Plaintiff discusses the information he believes is erroneous and requests the Court "afford a pro se litigant equal[] opportunity and fairness in the process to have his claim adjudicated on the merits."

. . . .

---

[1] Both the Response to Court's Order and Motion to Appoint Counsel lists multiple case numbers.  Plaintiff should take note that he **may not file a single pleading with more than one case number on it.**  If Plaintiff wants the Court to take action in more than one of his cases, he must file a separate original pleading and copy for the Judge, with the appropriate case number, **in each of the cases**.

1    In the September 8, 2020 Order, the Court dismissed the Complaint because
2    Plaintiff had failed to comply with Rule 3.4 of the Local Rules of Civil Procedure.  In
3    granting Plaintiff leave to amend, the Court gave Plaintiff information in an attempt to
4    provide guidance if Plaintiff filed an amended complaint.  Because Plaintiff has filed an
5    amended complaint, the Court will deny as moot Plaintiff's Response.

6    **III.    Statutory Screening of Prisoner Complaints**

7    The Court is required to screen complaints brought by prisoners seeking relief
8    against a governmental entity or an officer or an employee of a governmental entity.  28
9    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
10   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which
11   relief may be granted, or that seek monetary relief from a defendant who is immune from
12   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

13   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain
14   statement of the claim."  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise,
15   and direct."  A complaint having the factual elements of a cause of action scattered
16   throughout the complaint and not organized into a "short and plain statement of the claim"
17   may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*,
18   864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir.
19   1996).

20   Plaintiff's eight-count First Amended Complaint is primarily based on Plaintiff's
21   assertion that Defendants were involved in a "conspiracy . . . to convict and deprive
22   Plaintiff of his liberty."  However, Plaintiff is involved in **three** cases in the Superior Court
23   in Yavapai County.[2]  Because Plaintiff's allegations cover a five-year timeframe, it is
24   impossible for the Court to ascertain which allegations pertain to a particular criminal case.
25   This is relevant because Plaintiff has already been convicted and sentenced in Yavapai
26
27
28   [2]  *See*  https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx    (search
     "Search by Name" for "Last Name" as "Gwen," "First Name" as "Gerald," and "Court" as
     "Yavapai County Superior) (last visited Sept. 30, 2020).

JDDL

County Superior Court case #CR-201580451,[3] but is still awaiting trial in CR-201780290 and CR-201780299.[4]   And while any claims relating to CR-201780290 and CR-201780299 may or may not be viable, Plaintiff's claims relating to CR-201580451 are barred because prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Guerrero v. Gates,* 442 F.3d 697, 703-04 (9th Cir. 2006) (claims of wrongful arrest, malicious prosecution, and conspiracy to bring false charges against plaintiff were barred by *Heck* because they would necessarily imply the invalidity of his convictions); *Amaker v. Weiner*, 179 F.3d 48, 49, 51-52 (2d Cir. 1999) (claims under §§1983 and 1985 that "police, prosecutors, plaintiff's defense attorneys, the trial judge, and eyewitness, and various court personnel conspired to secure plaintiff's conviction" barred by *Heck*); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *see also Rogers v. Adams*, 103 F. App'x 63, 63-64 (8th Cir. 2004) (claims that officers falsified

---

[3] Plaintiff was convicted of taking the identity of another, theft of a credit card, fraudulent schemes and artifices, theft of property, and forgery, and was sentenced to concurrent terms of imprisonment, the longest of which is five years.   *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx (search for "Court" as "Yavapai County Superior" and "Case Number" as "CR 201580451"; click on hyperlink for the 10/23/2018 minute entry) (last visited Sept. 30, 2020).   His convictions and sentences were affirmed on appeal.  *See* https://www.azcourts.gov/Portals/0/OpinionFiles/Div1/2020/1%20CA-CR%2018-0775.pdf (last visited Sept. 30, 2020).

[4]  *See*  https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx  (search "Search by Name" for "Last Name" as "Gwen," "First Name" as "Gerald," and "Court" as "Yavapai County Superior; and click on hyperlinks for each criminal case) (last visited Sept. 30, 2020).

police reports, provided false information at a probable cause hearing, and refused access to exculpatory records barred by *Heck*); *Moore v. United States*, 1998 WL 700551, at *1 (9th Cir. 1998) (plaintiff's claims that defendants perjured themselves, secured perjured testimony, and fabricated evidence were barred by *Heck*).

Because the Court cannot meaningfully review Plaintiff's First Amended Complaint, as required by 28 U.S.C. § 1915A(a), the Court will dismiss it pursuant to Rule 8 of the Federal Rules of Civil Procedure, with leave to amend so that Plaintiff can file a second amended complaint that omits claims and allegations regarding CR-201580451 and is limited to claims and allegations regarding CR-201780290 and CR-201780299.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above, **omits claims and allegations regarding Yavapai County Superior Court case #CR-201580451, and is limited to claims and allegations, if there are any, regarding CR-201780290 and CR-201780299.**  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*,

963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Motion to Appoint Counsel**

Plaintiff seeks the appointment of "co-counsel," claiming he is indigent and cannot afford counsel; Plaintiff will be "severely handicap[p]ed" without counsel because the issues in his case are factually complex and will require "investigation, records gathering, subp[oe]na, discovery and disclosures"; he has no formal legal training and, therefore, cannot adequately and forcefully adjudicate his claims; he has no means of legal assistance at the facility that "would fill the void of adequate legal assistance"; he is likely to succeed on the merits of his claims, but the "presentation of evidence" at an evidentiary hearing "will only be possible through [the] assistance of co-counsel"; and he cannot "self examine," so the lack of counsel will result in a denial of his Sixth Amendment right to testify on his own behalf.

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case.

Plaintiff is in no different position than many pro se prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

## VI.     Motion for a Temporary Restraining Order and Preliminary Injunction

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).  An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945).  To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claims.  Because the Court has dismissed the First Amended Complaint, the Court will deny without prejudice Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.[5]

## VII.    Motion for Expedited Processing

Plaintiff seeks expedited processing of his Motion for a Temporary Restraining Order and Preliminary Injunction.  Because the Court has denied the Motion for Temporary Restraining Order and Preliminary Injunction, the Court will deny as moot Plaintiff's Motion for Expedited Processing.

## VIII.   Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

---

[5] Moreover, it appears Plaintiff is seeking injunctive relief regarding the claims associated with Yavapai County Superior Court case #CR-201580451.  As the Court has previously explained, those claims are barred by *Heck*.

1  (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may
2  result in dismissal of this action.

3  **B.**     **Address Changes**

4  Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
6  relief with a notice of change of address.  Failure to comply may result in dismissal of this
7  action.

8  **C.**     **Possible Dismissal**

9  If Plaintiff fails to timely comply with every provision of this Order, including these
10 warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d
11 at 1260-61 (a district court may dismiss an action for failure to comply with any order of
12 the Court).

13 **IT IS ORDERED:**

14 (1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 11) is **granted**.

15 (2)     As required by the accompanying Order to the appropriate government
16 agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing
17 fee.

18 (3)     The First Amended Complaint (Doc. 14) is **dismissed** for failure to state a
19 claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended
20 complaint in compliance with this Order.

21 (4)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk
22 of Court must, without further notice, enter a judgment of dismissal of this action without
23 prejudice and deny any pending unrelated motions as moot.

24 (5)     Plaintiff's Response to Court's Order (Doc. 12) and Motion for Expedited
25 Processing (Doc. 16) are **denied as moot**.

26 (6)     Plaintiff's Motion to Appoint Counsel (Doc. 13) and Declaration in Support
27 of  Plaintiff's  Motion  for  a  Temporary  Restraining  Order  and  Preliminary
28 Injunction (Doc. 15) are **denied without prejudice**.

1    (7)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2 civil rights complaint by a prisoner.

3    Dated this 9th day of October, 2020.

4

5

6

7                                                        James A. Teilborg
                                                  Senior United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:           **OR**           Tucson Division:
U.S. District Court Clerk                                 U.S. District Court Clerk
U.S. Courthouse, Suite 130                               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                       405 West Congress Street
Phoenix, Arizona   85003-2119                            Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name: _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   Completing the Civil Rights Complaint Form.

**HEADING:**
    1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
    1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.                                              **CASE NO**. _____
                                                        (To be supplied by the Clerk)

(1) _____ ,
(Full Name of Defendant)                        **CIVIL RIGHTS COMPLAINT**
                                                **BY A PRISONER**
(2) _____ ,

(3) _____ ,           ☐ Original Complaint
                                                ☐ First Amended Complaint
(4) _____ ,           ☐ Second Amended Complaint

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed as: _____ at_____.
            (Position and Title)                                    (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
            (Position and Title)                                    (Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed as: _____ at_____.
            (Position and Title)                                    (Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed as: _____ at_____.
            (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?               ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

  
## COUNT III

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                                ☐ Yes        ☐ No
   b. Did you submit a request for administrative relief on Count III?        ☐ Yes        ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?        ☐ Yes        ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.