WO                                                                                            MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Gerald Vaughn Gwen,

                Plaintiff,

v.

Scott Mascher, et al.,

                Defendants.

No.   CV 20-08225-PCT-JAT (JFM)

**ORDER**

On August 27, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, a Declaration to TRO Application, and a Motion for Expedited Processing.  In a September 8, 2020 Order, the Court gave Plaintiff thirty days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, dismissed the Complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure, denied without prejudice the Motion for a Temporary Restraining Order and Preliminary Injunction, denied as moot the Motion for Expedited Processing, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.  On September 11, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, which the Court denied as moot in a September 18, 2020 Order because the Court had already granted Plaintiff leave to file an amended complaint.

. . . .

On September 23, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis, a Response to Court's Order Directing Resubmission, a Motion to Appoint Counsel, a First Amended Complaint, a Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and a Motion for Expedited Processing of TRO and Extension.

In an October 9, 2020 Order, the Court granted the Application to Proceed and dismissed the First Amended Complaint. The Court dismissed the First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court noted that Plaintiff's eight-count First Amended Complaint was primarily based on assertions that Defendants were involved in a "conspiracy . . . to convict and deprive Plaintiff of his liberty," but Plaintiff was involved in three state court criminal cases and the Court could not ascertain which of his allegations, which spanned a five-year timeframe, related to a particular criminal case. As the Court explained, this is relevant because Plaintiff was convicted and sentenced in one of the criminal cases and the claims relating to that case were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005). In light of this, the Court concluded that it could not meaningfully review Plaintiff's First Amended Complaint, as required by 28 U.S.C. § 1915A(a), and dismissed the First Amended Complaint with leave to file a second amended complaint that omitted claims and allegations related to the case for which he was convicted and sentenced and was limited to claims and allegations regarding the two pending criminal cases.

In the Order, the Court also denied as moot Plaintiff's Response to Court's Order and Motion for Expedited Processing and denied without prejudice his Motion to Appoint Counsel and Motion for a Temporary Restraining Order and Preliminary Injunction. As to the Motion for a Temporary Restraining Order and Preliminary Injunction, the Court noted that Plaintiff must seek injunctive relief related to the merits of his underlying claims. The Court concluded that denial without prejudice was appropriate because the Court had dismissed the First Amended Complaint and, therefore, no claims were pending.

On October 21, 2020, Plaintiff filed a Motion for the Appointment of Counsel (Doc. 19).   On October 26, 2020, he filed a Motion for Reconsideration or Amended Court Order Directing Resubmission of Complaint (Doc. 20).

**I.      Motion for the Appointment of Counsel**

In his Motion for the Appointment of Counsel, Plaintiff claims he is unable to afford counsel, has no legal training and a limited knowledge of the law, and has limited access to a law library or other legal materials.   Plaintiff also asserts that the case is factually and legally complex and will require the discovery of documents and the deposition of witnesses, the testimony in the case will be sharply conflicting, and he has no ability to investigate the facts or locate and interview witnesses because he is serving a sentence in the county jail.   He also contends his case has merit and if it proceeds to trial, he "would be unable to exercise his constitutional right to testify on his behalf."

There is no constitutional right to the appointment of counsel in a civil case.   *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).   In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.   28 U.S.C. § 1915(e)(1).   Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.   *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.   *Id.*   "Neither of these factors is dispositive and both must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants.   Thus, the Court will deny without prejudice Plaintiff's Motion for the Appointment of Counsel.

. . . .

. . . .

1  ## II.      Motion for Reconsideration

2         In his Motion for Reconsideration, Plaintiff takes issues with multiple portions of

3  the October 9, 2020 Order.  First, Plaintiff contends the Court's requirement that he use a

4  court-approved form "creates prejudice, imposes an undue hardship and impedes

5  Plaintiff's ability to present his claim(s)" because the form and its page limitation do not

6  adequately allow Plaintiff to present all relevant facts and claims against all Defendants

7  given the "sheer number" of claims and Defendants, as well as the complexity of the issues.

8         Second, Plaintiff claims the Order creates an undue hardship because it requires

9  Plaintiff to "state a claim inclusive of facts that are unknown to [Plaintiff] at the time of

10  fil[]ing the Complaint" and could not be obtained without extensive discovery.  Third,

11  Plaintiff asserts that requiring him to only include claims relating to particular criminal

12  cases "is irrelevant because it is not by the specificity of a particular case that the [First

13  Amended] Complaint['s] allegations arise, but rather arise from the conduct or acts by

14  named Defendants which constitutes a constitutional violation."

15         Fourth, Plaintiff claims the Order "identifies only that the language used by the

16  Plaintiff in expressing his claim [sic], but does not state a deficiency in whether the

17  allegation is raised without facts supporting them."  He alleges the Court "does not state

18  its conclusions of law related to each issue presented" and, therefore, Plaintiff is "not made

19  aware of what he must correct specifically."  He contends his First Amended Complaint

20  meets "the legal threshold of § 1983" because he has identified the defendants, the

21  constitutional rights violated, "the facts in support of the allegation," and his injury.  Fifth,

22  Plaintiff claims the Court's interpretation of *Heck* is "misplaced."  Finally, he contends that

23  the issue of whether a temporary restraining order should issue is "independent of

24  determining liability" under § 1983.

25         Motions for reconsideration should be granted only in rare circumstances.

26  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for

27  reconsideration is appropriate where the district court "(1) is presented with newly

28  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's First Amended Complaint, his Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, the October 9 Order, and Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion for Reconsideration.

The Court notes, however, that the IT IS ORDERED section of the October 9 Order mistakenly states that the First Amended Complaint was dismissed for failure to state a claim, rather than for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court will amend the Order accordingly.

**III.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

. . . .

. . . .

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the October 9, 2020 Order, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for the Appointment of Counsel (Doc. 19) is **denied without prejudice**.

(2)     Plaintiff's Motion for Reconsideration (Doc. 20) is **denied**.

(3)     Paragraph 3 of the IT IS ORDERED section of the October 9, 2020 Order (Doc. 17) is **amended** to reflect that the First Amended Complaint is dismissed "for failure to comply with Rule 8 of the Federal Rules of Civil Procedure" rather than "for failure to state a claim."

Dated this 30th day of October, 2020.

James A. Teilborg
Senior United States District Judge