WO

MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gerald Vaughn Gwen,<br>　　　　　　Plaintiff,<br>v.<br>Scott Mascher, et al.,<br>　　　　　　Defendants. | No.  CV 20-08225-PCT-JAT (JFM)<br><br>**ORDER** |

**I.    Procedural History**

On August 27, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, a Declaration to TRO Application, and a Motion for Expedited Processing.  In a September 8, 2020 Order, the Court gave Plaintiff thirty days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, dismissed the Complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure, denied without prejudice the Motion for a Temporary Restraining Order and Preliminary Injunction, denied as moot the Motion for Expedited Processing, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.  On September 11, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, which the Court denied as moot in a September 18, 2020 Order because the Court had already granted Plaintiff leave to file an amended complaint.

On September 23, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis, a Response to Court's Order Directing Resubmission, a Motion to Appoint Counsel, a First Amended Complaint, a Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and a Motion for Expedited Processing of TRO and Extension.

In an October 9, 2020 Order, the Court granted the Application to Proceed, dismissed the First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, gave Plaintiff thirty days to file a second amended complaint, denied as moot Plaintiff's Response to Court's Order and Motion for Expedited Processing, and denied without prejudice his Motion to Appoint Counsel and Motion for a Temporary Restraining Order and Preliminary Injunction.

On October 21, 2020, Plaintiff filed a Motion for the Appointment of Counsel. On October 26, 2020, he filed a Motion for Reconsideration or Amended Court Order Directing Resubmission of Complaint. In an October 30, 2020 Order, the Court denied without prejudice the Motion for the Appointment of Counsel, denied the Motion for Reconsideration, and amended Paragraph 3 of the IT IS ORDERED section of the October 9, 2020 Order to reflect that the First Amended Complaint was dismissed "for failure to comply with Rule 8 of the Federal Rules of Civil Procedure" rather than "for failure to state a claim."

**II.     Plaintiff's November 23, 2020 Filing**

On November 23, 2020, Plaintiff filed a document entitled "Intent to Proceed with Current TRO Application" (Doc. 22). He states that his request for a temporary restraining order and preliminary injunction is "resubmitted pursuant to 28 U.S.C. § 1657."[1] The Court will deny the Intent to Proceed with Current TRO Application. As the Court explained to Plaintiff in the October 9, 2020 Order,

> An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but

---

[1] Section 1657(a), 28 U.S.C., states that the "court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief."

relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claims. Because the Court has dismissed the First Amended Complaint, the Court will deny without prejudice Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

### III. Failure to Comply With Court Order

In the October 9, 2020 Order, the Court gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order and warned Plaintiff that this action would be dismissed if he failed to do so. The Court reiterated that warning in the October 20, 2020 Order, specifically informing Plaintiff that this action would be dismissed without further notice if Plaintiff failed "to timely comply with every provision of the October 9, 2020 Order." Plaintiff has not filed a second amended complaint. Thus, the Court will dismiss this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the court).

**IT IS ORDERED:**

(1) Plaintiff's "Intent to Proceed with Current TRO Application" (Doc. 22) is **denied**.

(2) This action is **dismissed** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court Order; the Clerk of Court must enter **judgment** accordingly and close this case.

. . . .

. . . .

. . . .

(3)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 3rd day of December, 2020.

_____
James A. Teilborg
Senior United States District Judge