**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Scott Mascher, et al.,<br><br>　　　　　Defendants. | No.  CV 20-08225-PCT-JAT (JFM)<br><br>**ORDER** |

　　　　On August 27, 2020, Plaintiff Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, a Declaration to TRO Application, and a Motion for Expedited Processing.

　　　　In a September 8, 2020 Order, the Court gave Plaintiff thirty days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis; dismissed the Complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure because the Complaint was not filed on the court-approved form and exceeded the page limitation set forth in the court-approved form and accompanying instructions; denied without prejudice the Motion for a Temporary Restraining Order and Preliminary Injunction; and denied as moot the Motion for Expedited Processing.  The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order and provided Plaintiff with information regarding: the insufficiency of vague and conclusory allegations and of a lack of factual specificity as to what a particular defendant

did or failed to do; the lack of respondeat superior liability under § 1983; the Court's inability to order release from prison or jail in a § 1983 action; the relevant statute of limitations; attorneys representing a criminal defendant not acting under color of state law; judicial, prosecutorial, and witness immunity; the requirements for an official capacity claim and the limited relief available in official capacity claims against state employees; the requirements for a conspiracy claim; private conduct not being actionable under § 1983 unless a private party is jointly engaged with state officials in the challenged action; and the possible impact of *Heck v. Humphrey*, 512 U.S. 477 (1994).

On September 11, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, which the Court denied as moot in a September 18, 2020 Order because the Court had already granted Plaintiff leave to file an amended complaint.  On September 23, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis, a Response to Court's Order Directing Resubmission, a Motion to Appoint Counsel, a First Amended Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, and a Motion for Expedited Processing.

In an October 9, 2020 Order, the Court granted the Application to Proceed, dismissed the First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, denied as moot Plaintiff's Response to Court's Order and Motion for Expedited Processing, and denied without prejudice Plaintiff's Motion to Appoint Counsel and Motion for a Temporary Restraining Order and Preliminary Injunction.  In dismissing the First Amended Complaint for failure to comply with Rule 8, the Court explained that Plaintiff's First Amended Complaint was primarily based on his assertion that Defendants were involved in a "conspiracy . . . to convict and deprive Plaintiff of his liberty," but his allegations covered a five-year timeframe, and it was impossible for the Court to ascertain which allegations pertained to which of Plaintiff's three Yavapai County Superior Court cases—CR-201580451, CR-201780290, and CR-201780299.  The Court explained that this was important because Plaintiff had already been convicted and sentenced in CR-201580451, and his claims relating to that criminal case were barred by

*Heck*. The Court concluded that it could not meaningfully review Plaintiff's First Amended Complaint, as required by 28 U.S.C. § 1915A(a), and gave Plaintiff leave to file a second amended complaint that omitted claims and allegations regarding CR-201580451 and was limited to claims and allegations regarding CR-201780290 and CR-201780299.

On October 21, 2020, Plaintiff filed a Motion for the Appointment of Counsel. On October 26, 2020, he filed a Motion for Reconsideration or Amended Court Order Directing Resubmission of Complaint. In an October 30, 2020 Order, the Court denied without prejudice the Motion for the Appointment of Counsel, denied the Motion for Reconsideration, and amended Paragraph 3 of the IT IS ORDERED section of the October 9, 2020 Order to reflect that the First Amended Complaint was dismissed "for failure to comply with Rule 8 of the Federal Rules of Civil Procedure" rather than "for failure to state a claim."

On November 23, 2020, Plaintiff filed a document entitled "Intent to Proceed with Current TRO Application." In a December 3, 2020 Order, the Court denied the document. The Court also noted that Plaintiff had failed to file a second amended complaint and, therefore, dismissed this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order. The Clerk of Court entered Judgment the same day.

On December 11, 2020, Plaintiff filed a "Response to Court[']s Order Dismissing Complaint," asserting that he had placed a copy of his second amended complaint in the jail's mailing system on November 19, 2020. Among other things, he requested the Court "remand its order dismissing [this action]" and permit him to file his second amended complaint. In a December 18, 2020 Order, the Court, in an abundance of caution, vacated the Judgment and directed the Clerk of Court to reopen this action. The Court gave Plaintiff twenty days to file his second amended complaint.

On January 13, 2021, Plaintiff filed a Second Amended Complaint (Doc. 29). Plaintiff's eight-count Second Amended Complaint contains multiple claims of "conspiracy"; raises claims against, among others, the State of Arizona and a state court, a

judge, prosecutors, and private parties; covers a five-year timeframe; and other than a single reference in Count Six to CR-201780290, does not identify to which of Plaintiff's three criminal cases his claims and allegations relate. This Court is not obligated to pour over the limited online information regarding Plaintiff's criminal cases to try to match the events and participants in each case with the allegations in Plaintiff's Second Amended Complaint. *Cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991))). In light of Plaintiff's failure to comply with the October 9, 2020 Order, the Court is unable to meaningfully review Plaintiff's Second Amended Complaint.[1] Thus, the Court will dismiss the Second Amended Complaint, without prejudice, for failure to comply with Rule 8 of the Federal Rules of Procedure.

Finally, the Court declines to grant Plaintiff another opportunity to amend. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538. Despite specific instructions from the Court, Plaintiff appears either unable or unwilling to file an amended complaint capable of being reviewed by the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

. . . .

. . . .

---

[1] The Court notes, moreover, that on January 8, 2021, Plaintiff was also found guilty in CR-201780290. *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx (search "Court" for "Yavapai County Superior" and "Case Number" for "CR 201780290"; click on hyperlink for January 8, 2021 Minute Entry) (last accessed Jan. 26, 2021). Thus, many of the claims in the Second Amended Complaint, if they relate to this criminal case, may also be barred by *Heck*.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 29) and this action are **dismissed without prejudice** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and the Clerk of Court must enter judgment accordingly.

(2) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 29th day of January, 2021.

James A. Teilborg
Senior United States District Judge